GRIFFIN, Judge,
concurring in part; dissenting in part.
As ultimately decided by the majority of the panel assigned to this case, the judgment of the High Court of England, which appellant seeks to enforce, is not entitled to comity in the courts of the State of Florida because the English court did not acquire in person-am jurisdiction over appellee “in a manner that comports with American standards of due process.” I think that conclusion is clearly wrong.
As recounted in the majority opinion, appellant alleges that appellee was served with a copy of the English divorce petition and that the divorce petition contained a request for ancillary relief including a lump sum financial award. As to this latter point, the panel is somewhat in the dark since the original petition is not a part of the record, but appellee does not contest that the request is contained in the original petition and, pursuant to Florida Rule of Civil Procedure 1.120, the allegation of jurisdiction is sufficient.
For purposes of the issue at hand, therefore, we know that on June 9, 1978 at 665 Pine Acres Drive, Baraboo, Wisconsin, U.S.A., appellant actually received (because he acknowledges receipt on the “Acknowledgment of Service — Recipient Spouse” form partially reproduced in the majority opinion) the petition for divorce allegedly containing the application for financial relief. In the “acknowledgment of service” form, which ap-pellee completed and returned to the English court, appellee further admits he (the person served) is the person named in the petition, informs the court he does not intend to appear to defend the petition, agrees to pay the costs of the dissolution proceeding, informs the court he does not object to the claim for child custody and does not wish to apply for custody himself. He also informs the court as requested, since he does not reside in England, of an address in England where documents may be sent to him. As for the brouhaha about the solicitors, all appellant alleged was that appellee designated “a firm of solicitors in England to accept further *463 service on his behalf.” Appellee filled out the form as follows:
Address for Service c/o Budd Martin
Harbor House, 2 Tindal St
Chelmsford CM11EX Essex
Att M. McKinnen
Unless you intend to instruct a solicitor, give your place of residence, or if you do not reside in England or Wales, the address of a place in England or Wales to which documents may be sent to you. If you subsequently wish to change your address for service, you must notify the court.
This address certainly could be the address of a firm of solicitors named Budd Martin where M. McKinnen is employed, but whether it is a firm of solicitors, a brokerage house or a pig feed store doesn’t matter. What is important is that appellee informed the court of this address in the United Kingdom as the place for him to receive any further service of documents. A law firm can certainly serve as a place for service even if it does not “act for” i.e. “appear in the proceeding to represent” a litigant, somewhat in the same manner that an attorney often acts as resident agent. Why would counsel “appear” to “act for” Mr. Johnson since he already informed the court in lines 6 and 7 that he did not intend to defend the dissolution and did not object to paying the costs of the proceeding.
The question whether the service in this case met the requirements of English law is not even disputed. As explained by appellant’s expert:
By signing the acknowledgment of service, and by failing thereafter to take any other step to dispute the jurisdiction, the Respondent submitted to the jurisdiction. It is my firm opinion that at all times thereafter the English court has had personal jurisdiction over the Respondent for the purposes of the financial provision application.
The majority’s conclusion that Mr. Johnson was deprived of an American standard of due process when he was served in 1978 is astonishing. Here the problem is not with extra territorial jurisdiction. Florida has long recognized the Florida courts’ jurisdiction to make such awards providing personal service is made. See § 48.193(l)(e), Fla.Stat. (1993).[1] The majority’s complaint is that the service did not meet due process requirements even though there is no question that appellee was served and acknowledged service without complaint.[2]
After receiving the petition and returning the form acknowledgment, even though he had in hand a petition containing an application for a lump sum financial award, appellee never contested service or the court’s jurisdiction over him for any purpose. It is manifest from the record that, in England, as in Florida, any defect in the 1978 service that may have existed could be and was waived. Mr. Johnson never contested the English court’s authority over him and accepted the benefits of its power by promptly marrying the co-respondent named in the petition after the English court dissolved his English marriage. While I recognize that there is a distinction for jurisdictional purposes in Florida between the kind of service allowable to obtain jurisdiction over the res of the marriage and for obtaining jurisdiction to make support awards, this is not a case of constructive versus personal service, rather, it is a question of whether the actual personal service was legally adequate.
If service of a summons and complaint comes to you by mail in Florida, you may choose to proceed in the litigation or you may object and demand the summons and complaint be handed to you by a sheriff or other live process server. Though it appears the service in Wisconsin may not have been by a live process server, it does not matter if, as occurred here, the appellee elected to pro *464 ceed rather than raise the issue of sufficiency of service. Certainly, due process wasn’t violated because the form acknowledgment of service failed to contain an explanation of the consequences of appearing. If a document like the acknowledgement in this case had been filed in a Florida court, with no objection, after defective service of process, Florida courts would, ten times out of ten, hold the Florida court had acquired jurisdiction both to dissolve the marriage and to make financial and support awards.

. With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not.
§ 48.193(l)(e), Fla.Stat. (1993).

. As is discussed in the briefs, what occurred in this case was indistinguishable from the procedure long employed by our federal courts.